IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Heather Bottum,** | ) | CASE NO.   1:20 CV 288 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CUYAHOGA COUNTY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion of Defendants Feben Yesha, Matt Schwartz, Eric Ivey (official capacity only), Nurse Cooper (official capacity only), Ronita Sanifer, Cpl. Walsh, Frederick Barthany, Barry Hickerson, Phillip Christopher, Robert Moore, C.O. Carwell, Michael Shaw, Jermaine Clements, S.R.T. C.O. Smith, Cpl. Brunello, William Winkel, James Spirakis, and Nurse Jones (official capacity only) for Partial Dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF #12). For the reasons that follow, Defendants' Motion to Dismiss is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Heather Bottum filed this action on February 7, 2020 against the Individual

---

[1] For ease of future reference, the moving defendants will be referred to collectively as the "Individual Defendants."

Defendants listed above and Cuyahoga County. This civil rights action arises out of the injuries allegedly suffered by Ms. Bottum while she was in the custody of Cuyahoga County at the Cuyahoga County Jail ("CCCC") as a pretrial detainee in February and March 2018. The Complaint alleges the following claims: Count 1) § 1983 claim for Unconstitutional Seizure in violation of the Fourth and Fourteenth Amendments against Individual Defendants Yeshak, Schwartz, Sandifer, Walsh, Barthany, Hickerson, Moore, Kendall, Cardwell, Shaw, Clements, Smith, Brunello, Jones, Winkel and Spriakus; Count 2) § 1983 claim – violation of Fourth and Fourteenth Amendments against all of the individual defendants; Count 3) § 1983 claim –violation of the Fifth Amendment against Individual Defendants Ivey, Christopher, and Cooper; Count 4) § 1983 Monell claim against Defendant Cuyahoga County; Count 5) ADA and § 504 claim against Defendant Cuyahoga County; and Count 6) State law Negligence claim–Willful, Wanton and Reckless Conduct against all of the Individual Defendants.

In their Motion to Dismiss, the Individual Defendants seek dismissal of the following:

(1) all federal and state law official capacity claims;

(2) Count 6; and

(3) all claims under the ADA or RA against the Individual Defendants.

Plaintiff has filed a brief in opposition and the Individual Defendants have filed a reply brief in support. The Motion for Partial Dismissal is ready for decision.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v.*

*Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Twombly, 550 U.S. at 555; Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

## DISCUSSION

Plaintiff's opposition to this Motion to Dismiss confirms that the Complaint does not assert any official capacity claims against the Individual Defendants and that the ADA and RA claims in Count 5 are asserted only against Cuyahoga County. (ECF #13) Accordingly, the only issue remaining in Defendants' Motion to Dismiss is the viability of Count 6 against the Individual Defendants.

Count 6 of the Complaint is entitled "State Law Claim for Negligence- Willful, Wanton and Reckless Conduct against all Individual Defendants" and alleges the following:

> 209. All of the foregoing paragraphs are incorporated as though fully set forth here.
> 210. Defendants acted negligently when they violated their duty to exercise due care for Heather Bottum.
> 211. Defendants committed the acts alleged in this complaint in a reckless, willful and/or wanton manner while working as correctional officers at the CCCC.
> 212. Defendants' misconduct directly and proximately caused the injuries and damages suffered by Heather Bottum as described above.
> 213. Defendants are jointly and severally liable for this conduct.

(ECF #1, p. 34, ¶¶ 209-213)

Defendants claim that Count 6 asserts a claim for "Willful, Wanton and Reckless Conduct" which does not exist as a separate claim under Ohio law. To the extent that Count 6 is a negligence claim, Defendants assert the individuals are immune under R.C. § 2744.02. Section 2744.02 provides immunity to political subdivisions for civil actions for injury, death, or loss to persons allegedly caused by an act or omission of the subdivision or its employees in connection

with a governmental or proprietary function. The operation of a jail is a government function as is providing health care services in a county jail. See Ohio R.C. § 2744.01(C)(2)(h); and §2744.01(C)(2)(x). Ohio also grants statutory immunity to public officials unless their "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio R.C. §2744.03(A)(6)(b). Under § 2744.03 the individual defendants would be immune to negligence claims.

However, in this case, Plaintiff has asserted a negligence claim with the heightened standard that applies to employees of a political subdivision under R.C. § 2744.[2] Plaintiff's allegation that the individual defendants acted in a reckless, willful and/or wanton manner, defeats defendants' assertion of the statutory immunity defense at the pleading stage. *See generally Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013)(Plaintiff alleged excessive force claims and state law claims of negligence, assault and battery–summary judgment denied public officials because question of fact existed as to whether conduct of defendants was reckless thus voiding statutory immunity under R.C. 2744); *Ruffin v. Cuyahoga County*, 2017 WL 2832674 at *13-14 (N.D. Ohio June 30, 2017).

Defendants also contend that Count 6 should be dismissed because it makes only categorical references to "Defendants," and thus fails to "allege with particularity, facts that

---

[2]

It is beyond dispute that "negligence" is a recognized cause of action. That is the claim presented by Plaintiff in Count 6 here. Defendants' cite to this Court's decision in *Kuivila v. City of Conneaut*, 1:08 CV 2603, 2009 WL3861008 (N.D. Ohio 2009), is misplaced. In *Kuivila*, the Plaintiff alleged a claim that Defendant's actions in terminating plaintiff's employment constituted "malicious purpose, bad faith and wanton reckless conduct in violation of R.C. § 2744.03(A)(6)." In that situation, this Court dismissed the claim on the ground that R.C. §2744.03(A)(6) does not establish any private cause of action.

-5-

demonstrate what each defendant did to violate the asserted constitutional right." (ECF #16 at 4) *quoting Marcilis v. Twp. of Redford*, 693 F.3d 589, 595-597 (6th Cir. 2012)(citation omitted.) Defendants further contend that paragraph 209 of the Complaint, which incorporates by reference all of the preceding paragraphs of the Complaint, constitutes a "shotgun" pleading which fails to provide fair notice of the claims to the individual defendants. While Defendants' concerns may be valid in some cases, the Complaint here contains specific factual allegations as to each individual Defendant. As Plaintiff notes, the fact section of the Complaint contains 153 paragraphs, making repeated allegations against each defendant in each count impractical. However, the Complaint is clear with respect to what action or actions of each defendant is accused of having committed. Thus, in this case, it the individual defendants have fair notice of the basis of the claims against them.

## CONCLUSION

For the reasons stated above, the Individual Defendants' Motion to Dismiss (ECF #12) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 28, 2020